# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2022

Lyle W. Cayce
Clerk

No. 22-50017

E. R., *a minor with* Olga Alcantara *as her next friend*; Olga Alcantara, *on her own behalf*,

*Plaintiffs—Appellees*,

*versus*

Marco Jasso, #1888; Ricardo Villagran, #2882;

*Defendants-Appellants*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-19-CV-298

---

Before Jones, Ho, and Wilson, *Circuit Judges*.

Per Curiam:[*]

El Paso police officers Jose Rivas[1] and Ricardo Villagran arrived at plaintiff Olga Alcantara's home after receiving a call that a "riot" was in

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] After the events at issue this case, Rivas changed his last name to Rios. Rivas is not a party in this appeal.

progress at the residence.  Upon arrival, it became "very obvious" that there was no riot.  Instead, E.R., Alcantara's daughter and the other plaintiff in this case, was in the backyard with seven of her friends celebrating Thanksgiving.  Nevertheless, Rivas and Villagran confronted the teens as three additional El Paso police officers, including El Paso police sergeant Marco Jasso, arrived at the scene.  Eventually, Rivas got into a scuffle with E.R., which resulted in E.R. allegedly sustaining injuries and being handcuffed.

A female officer searched E.R. and found a housekey inside her bra. Jasso and Villagran later used the housekey to unlock and enter Alcantara's home.  Alcantara, who was bathing her two younger daughters, heard the officers' voices and exited the bathroom to find the two men standing inside her home.  She demanded they leave, and about five minutes later, the officers stepped outside.

E.R. and Alcantara sued Rivas, Villagran, Jasso, and Jane Doe, the female officer who searched E.R. (later identified as "Officer Saldana"), under 42 U.S.C. § 1983, alleging violations of their Fourth Amendment rights.  E.R. alleged an excessive force claim against Rivas, unlawful search and seizure claims against Saldana, and an unlawful arrest claim against Rivas and Villagran.  Alcantara alleged an unlawful entry and search claim against Jasso and Villagran, contending that they did not have permission or a warrant to justify their intrusion into her home.  She also alleged that Jasso was liable for Villagran's unlawful entry because Jasso was his supervisor.

Rivas, Jasso, and Villagran each moved for summary judgment, asserting qualified immunity.  The district court granted summary judgment for Rivas on E.R.'s excessive force claim but denied Rivas and Villagran summary judgment on E.R.'s unlawful arrest claim.[2]  As for Alcantara's

---

[2] Saldana did not move for summary judgment on E.R.'s unlawful search claim.

claims, the district court denied Jasso and Villagran summary judgment, finding genuine disputes of material fact regarding whether there was a "search" under the Fourth Amendment and whether exigent circumstances justified the entry, as Jasso and Villagran contend. Jasso and Villagran now appeal.

In their brief, Jasso and Villagran contest only the denial of summary judgment as to Alcantara's claims, i.e., those grounded on their alleged unlawful entry and search of Alcantara's home. Although E.R. argues in the appellees' brief that the district court erred in granting summary judgment for Rivas as to her excessive force claim, she did not notice any cross-appeal; we consequently lack jurisdiction to address that issue. *See Wilson v. City of Bastrop*, 26 F.4th 709, 716 (5th Cir. 2022) (citing 28 U.S.C. § 2107(a); Fed. R. App. 4(a)(1)(A)).[3] Thus, only the denial of summary judgment for Jasso and Villagran as to Alcantara's claims is properly before us.

Reviewing the briefs and record, we conclude the district court thoroughly considered Jasso's and Villagran's motions and Alcantara's responsive submissions in support of her claims. We agree that there are material fact disputes regarding whether Jasso and Villagran properly entered and searched Alcantara's home. Accordingly, the district court properly denied summary judgment, and we AFFIRM the judgment of the district court.

---

[3] Likewise, Villagran does not challenge the district court's denial of summary judgment as to E.R.'s unlawful arrest claim against him. He has thus forfeited any such challenge. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).